UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ZIP AVIATION, LLC,<br><br>        Plaintiff,<br><br>-against-<br><br>ROBINSON AVIATION (RVA), INC. and TOWN OF EAST HAMPTON,<br><br>        Defendants. | Case No. 2:21-cv-04111<br><br>**DECLARATION OF JOSHUA H. EPSTEIN IN SUPPORT OF PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION AND TEMPORARY RESTRAINING ORDER** |

Joshua H. Epstein, under penalty of perjury and pursuant to 28 U.S.C. § 1746, declares as follows:

1. I am a member of the firm of Davis+Gilbert LLP, attorneys for plaintiff Zip Aviation, LLC ("Zip Aviation," "Zip" or "Plaintiff") in the above-captioned action. I submit this declaration in support of Plaintiff's application for the entry of a temporary restraining order pending the Court's consideration of Zip's motion for a preliminary injunction to prevent continued irreparable harm suffered by Zip in connection with defendants Robinson Aviation (RVA), Inc.'s ("Robinson") and the Town of East Hampton's (the "Town" or "East Hampton") (together, "Defendants") enforcement of a recently announced policy (the "Policy") of denying all aircraft flying into and out of East Hampton Airport ("HTO," which is the International Air Transportation Association code for the airport) clearance to take off and land using "Special Visual Flight Rules" ("SVFR"). I am fully familiar with the pleadings and documents filed in connection with Zip's application.

2. The accompanying Order to Show Cause requires the Court's immediate review because entry of the proposed Order is necessary to enjoin Defendants from enforcing the Policy,

which in the absence of the requested immediate interim relief, will inflict lasting and irreparable harm on Zip.

3. Zip has acted expeditiously in making this application for immediate injunctive relief in that it retained counsel and proceeded to file this action as soon as it became clear that Defendants would not suspend or revoke enforcement of the Policy, despite communication from the FAA stating that the Policy is improper. (*See* Shoshani Dec., Ex. 5.)

4. On July 22, 2021, I sent a letter via email to both Defendants, Robinson (addressed to Operations Manager Tony Roetzel) at tony.roetzel@rvainc.com, and the Town (addressed to Assistant Town Attorney Jameson L. McWilliams) at JMcWilliams@ehamptonny.gov, notifying them that Zip would be making an application with the Court on July 22, 2021, for a temporary restraining order, and enclosed a set of Zip's papers in support of its application. A true and correct copy of this letter is attached hereto as Exhibit 6.

5. Zip respectfully requests that the Court grant the Temporary Restraining Order. For the reasons more fully set forth in the Memorandum of Law submitted in support of Zip's application, along with the Complaint and Declaration of Itai Shoshani dated July 20, 2021, I respectfully request that the Court consider this application on an emergency basis because, as set forth in the Shoshani Declaration, Zip is suffering and will continue to suffer irreparable harm if the requested interim relief is not immediately granted. As discussed in the Shoshani Declaration, Zip previously flew to HTO an average of approximately 5-6 times per day, amounting to 35-42 flights per week. The cost of a Zip charter to HTO is between $3,000 and $6,000. Thus, each week that Defendants enforce the Policy is costing Zip between $105,000 and $252,000, not to mention immeasurable harm to Zip's customer relationships, reputation, goodwill and market share.

6. The relief requested herein has not previously been sought.

Dated: New York, New York
July 22, 2021

*/s/ Joshua H. Epstein*
Joshua H. Epstein

3