1
2
3
4
5
6
7
8
9
10
11
12
13

# UNITED STATES DISTRICT COURT

14

## CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

15

DELUX PUBLIC CHARTER LLC D/B/A
JSX AIR AND JETSUITEX, INC.,

Case No. 8:20-cv-2344-JLS-KES

16

Plaintiffs,

**TEMPORARY RESTRAINING
ORDER; FINDINGS OF FACT AND
CONCLUSIONS OF LAW RE SAME**

17

v.

18

COUNTY OF ORANGE, CALIFORNIA, a
charter county; BARRY RONDINELLA in his
official capacity as Airport Director of John
Wayne Airport,

19

Honorable Josephine L. Staton

20

Defendants.

21
22

23      Upon consideration of Plaintiffs' Application for Temporary Restraining

24   Order (Doc. 6) and the entire record herein, including the hearing held on December

25   23, 2020, it is hereby ORDERED that Plaintiffs' Application for a Temporary

26   Restraining Order is GRANTED and a TEMPORARY RESTRAINING ORDER IS

27   ISSUED AS FOLLOWS:

28

1
2
3
4
5
6
7

Defendants are enjoined and prohibited from enforcing the lease restriction in the ACI Jet FBO lease effective January 1, 2021, specifically:  "LESSEE shall not permit the operation of a Regularly Scheduled Commercial User as defined in section 2.40 of John Wayne Airport's Phase 2 Commercial Airline Access Plan and Regulation, as may be amended from time to time."  Defendants shall promptly take such further actions to ensure their employees, agents, and all other concerned be provided with a copy of this Order and informed that the aforementioned FBO lease provision shall not be enforced with respect to ACI Jet.

8

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

9
10
11
12
13
14
15
16
17

The Court carefully considered the standard applicable to temporary restraining orders, which is the same as required for a preliminary injunction.  *See Stuhlbarg Intern. Sales Co., Inc. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001).  The standard requires Plaintiffs to demonstrate: (1) a likelihood of success on the merits; (2) irreparable harm; (3) that injunctive relief is in the public interest; and (4) that a balance of the equities support injunctive relief.  *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).  Here, the third and fourth factors combine because the County is a defendant.  *Drakes Bay Oyster Co. v. Jewell*, 747 F.3d 1073, 1092 (9th Cir. 2014).

18

**1.  Likelihood of Success on the Merits.**

19
20
21
22

JSX argues that (1) the County's Lease Restriction is preempted by federal law because it violates the Airline Deregulation Act ("ADA") and Airport Noise and Capacity Act ("ANCA"), and (2) the Restriction violates the Equal Protection Clause.[1]

23
24
25
26
27

Under ANCA, an "airport noise or access restriction on the operation of stage 3 aircraft" (which is what JSX operates) can be implemented "only if the restriction has been agreed to by the airport proprietor and all aircraft operators or has been submitted to and approved by the Secretary of Transportation after an airport or

28

---

[1] Because the Court finds that JSX's claims under the ADA and ANCA have merit, it declines to address the Equal Protection claim.

1   aircraft operator's request for approval as provided by the program established under

2   this section." 49 U.S.C. § 47524(c)(1).  And under the ADA, "a State [or a] political

3   subdivision of a State . . . may not enact or enforce a law, regulation, or other

4   provision having the force and effect of law related to a price, route, or service of an

5   air carrier[.]" 49 U.S.C. § 41713(b)(1).

6        As to JSX's ANCA claim, the County does not refute that it did not follow the

7   procedures established by ANCA.  Rather, it argues that the County did not violate

8   ANCA because "the County did not adopt any rule or restriction affecting JSX's

9   access to JWA"—it "merely memorializ[ed] the wishes and proposal of the FBO in

10  the lease." (Opp'n at 9, Doc. 12, citing 49 U.S.C. § 47524(c)(1).  The County makes

11  a similar argument in opposition to JSX's ADA claim: "the County has not enacted

12  a ban or moratorium on passenger service . . . [n]or did the County attempt to interfere

13  with JSX's ability to serve its customers or maintain its current routes.  Instead, the

14  County honored the decision of [the FBO] to cease providing space and amenities to

15  JSX." (Opp'n at 13).  In other words, the County's opposition to both claims rests

16  primarily on its argument that Aviation Consultants, Inc. ("ACI Jet"), not the County,

17  made the decision to stop providing space for JSX's operation.[2]

18       However, for reasons stated more fully on the record, the Court is unpersuaded

19  that the Lease Restriction was not an action by the County aimed at restricting JSX's

20  access to John Wayne Airport.  Specifically, based on the facts presented in both

21  
_____

22  [2] When directly asked whether the County had any other argument in opposition to the
    merits of JSX's claims under the *law*—were the Court to disagree with the County's

23  factual argument that the lease restriction was the business decision of a third party—the
    County reiterated its position that the County merely memorialized ACI Jet's proposal.

24  When pressed further, counsel for the County argued that "under ANCA, I do not think
    there is any evidence that [the lease restriction] . . . [is] aimed at regulating noise in the

25  airport."  But ANCA applies to both "noise *and* access restrictions"; the term "restriction"
    under ANCA includes not only noise restrictions, but also "any other restriction on stage 3

26  aircraft." 49 U.S.C.A. § 47524(c)(1).  The Court is therefore unpersuaded that the Lease

27  Restriction is not subject to ANCA's procedures.  Moreover, the County made no
    additional legal argument in opposition to Defendant's ADA claim other than what was

28  presented in its papers. (*See id.*)

3

parties' submissions and through witness testimony during the hearing, the Court makes the following factual findings:

    a. It was the County's decision, not ACI Jet's, to include the restrictive term in the 35-year fixed base operator ("FBO") lease between ACI Jet and the County.

    b. The effect of this restriction is to foreclose JSX's access to John Wayne Airport because the routes that it flies today include airports that do not have a Security Identification Display Area ("SIDA") site.

    c. Defendants have not proffered a valid nondiscriminatory reason for the decision to exclude JSX from continuing its operations at John Wayne Airport.

    d. ACI Jet's "business decision" to exclude JSX was made because it believed that it would lose the bid process for a 35-year FBO lease if it indicated that it wanted to serve Plaintiffs.

    e. At the hearing, ACI Jet's President, William Borgsmiller, was called to testify. The Court watched his demeanor while testifying, considered his responses, listened to the manner in which he testified, reviewed all three of his declarations, and reviewed the video clip in which he explained to his own colleagues why he removed JSX from the proposal during the bid process with the County when ACI Jet was trying to win the lease at John Wayne Airport. The Court finds, based on the foregoing, that Mr. Borgsmiller believed that ACI Jet would not be awarded the lease by the County if he indicated that he planned to serve JSX in 2021 or beyond. This led Mr. Borgsmiller to change his answer to Question 3 in the lease application.

    f. The Court finds most credible those recorded statements made by Mr. Borgsmiller outside of the context of this litigation, when he explained at an ACI Jet board meeting that "there is no way we [ACI Jet] were going

Exhibit 5

1 | to win if they [JSX] was in the proposal."  "Winning" in that context clearly

2 | meant getting County approval.

3 |     g.  The Court finds that Mr. Borgsmiller's later-stated reasons for changing

4 | ACI Jet's answer to Question 3 were both vague and lacking in credibility.

5 |     Based on the foregoing, the Court concludes that Plaintiffs are likely to

6 | succeed in showing that the County failed to comply with ANCA and the ADA when

7 | it inserted a "non-negotiable" Lease Restriction into ACI Jet's lease, effectively

8 | foreclosing JSX's access to John Wayne Airport.

9 |     **2. <u>Irreparable Harm</u>**

10 |     Based on the entire record, the Court finds that Plaintiffs will suffer irreparable

11 | harm if the County's mandatory lease term (found in Section 5.01 of the ACI Jet FBO

12 | lease) prohibiting JSX's operations at the ACI Jet FBO is not enjoined.

13 |     a.  The Court finds that the Lease Restriction would have a severe impact

14 | on Plaintiffs' business, including negatively affecting its goodwill and

15 | business relationships.

16 |     b.  The County argued that JSX should have mitigated its injury by ceasing

17 | the sale of tickets for flights after January 1, 2021.  However, that action

18 | would not mitigate the business harm to JSX.  The loss of ticket sales is

19 | the harm JSX seeks to avoid.

20 |     c.  The Court further finds that it does not currently have sufficient

21 | information to know whether Martin Aviation is a viable alternative

22 | FBO for JSX.  Testimony demonstrated that Martin Aviation is not

23 | subject to the new, mandatory lease restriction.  But it is unknown

24 | whether a different term in Martin Aviation's lease would foreclose it

25 | from being an alternative at John Wayne Airport.

26 |     d.  The Parties are instructed to investigate and have more information

27 | about Martin Aviation at the time of the preliminary injunction hearing

28 |

to determine whether Martin Aviation's availability as an FBO alters the equation on irreparable harm.

### 3. Public Interest and Balance of the Equities

These factors combine because the County is a defendant.

a. For the reasons above, JSX has established that the restriction likely violates federal law.

b. Granting a temporary restraining order maintains the status quo and allows JSX to operate at John Wayne Airport as it has done, without incident, for the past two years.

c. It is undisputed that JSX has had no safety incidents or safety concerns.

d. The County indicated no other objection to JSX operating at John Wayne Airport.

### 4. Preliminary Injunction Hearing

The Court orders a preliminary injunction hearing on **Wednesday, February 24, 2021 at 10:00 a.m**, via Zoom.

Plaintiffs' Opening Brief shall be due on Monday, January 25, 2021.

Defendants' Opposition shall be due on February 3, 2021.

Plaintiffs' Reply shall be due on February 10, 2021.

The Temporary Restraining Order shall remain in effect until further order of the Court.  To the extent any discovery issues arise, they should be addressed to the assigned Magistrate Judge, the Honorable Karen Scott, in conformity with her rules and procedures.

Date: January 3, 2021

_____
Honorable Josephine L. Staton
United States District Judge