# Exhibit 8



U.S. Department of Transportation
**Federal Aviation Administration**

Office of the Regional Administrator
Eastern Region

1 Aviation Plaza
Jamaica, NY  11434

June 30, 2021

Mr. James L. Brundige
Airport Director
Town of East Hampton Airport
159 Pantigo Road
East Hampton, NY  11937

Dear Mr. Brundige:

I received your May 24, 2021, letter, which included your April 26, 2021, memorandum to Troy Sica, FAA Plans and Procedures Specialist at the New York TRACON, and the March 17, 2021, East Hampton Airport's (HTO) Airport Operating Procedures Memo. Your letter confirmed that HTO management[1] "no longer permit[s] Special [visual flight rules (VFR)] clearances at HTO during Class D operations."

In the April 26 memorandum to the New York TRACON, you cite "several high profile fatal aircraft accidents in recent years involving aircraft flying in lower than visual meteorological conditions (VMC), including the fatal accident at HTO in June, 2018 that took the life of a prominent East Hampton resident, his wife and grandson" as your basis for banning special VFR operations at HTO. However, upon review of reports for all accidents destined to or from HTO in recent years, including the June 2018 fatality, the circumstances surrounding those accidents are irrelevant to the provision of special VFR clearances and therefore not germane to this issue. You also stated that many helicopter and seaplane pilots routinely request special VFR clearances into HTO even though such pilots are not instrument qualified and their aircraft are not certified to fly instrument flight rules (IFR). You stated that after carefully considering these and other safety factors, your contract Air Traffic Control Tower has been advised to deny all requests for special VFR clearances into HTO when Class D operations are in effect.[2]

Under 14 CFR § 91.157, special VFR operations are permitted at any location not prohibited by 14 CFR part 91, Appendix D, or when an exemption to 14 CFR part 91 has been granted and an associated letter of agreement (LOA) established.[3] We further note that § 91.157 does not require helicopter pilots requesting special VFR clearance between sunrise and sunset to be instrument
rated nor the aircraft to be IFR certified.[4] Additionally, Section 5 of FAA Order JO 7110.65 discusses the issuance of a special VFR authorization on a case-by-case basis and lists the factors an air traffic controller may consider in determining whether to issue such authorization.

---

[1] HTO is owned and operated by the Town of East Hampton.
[2] In your May 24, 2021, letter, you also stated that HTO has collaborated since 2005 with the Eastern Region Helicopter Council and the East Hampton Air Traffic Control Tower Chief to publish arrival and departure routes for safety and noise mitigation. You also state that you adjust the routes on occasion, with the most recent adjustment occurring by publication dated April 27, 2021. The FAA is not addressing this issue in this letter nor are we addressing other issues raised by the Airport Operating Procedures.
[3] HTO has not sought prohibition of certain special VFR operations under Appendix D or an exemption.
[4] For other aircraft, both the pilot and aircraft must be IFR certified to operate special VFR.

As a matter of law, HTO lacks the authority to deny all requests for special VFR clearances in the manner in which you articulated in your April 26 memorandum. The Federal Aviation Act, which was "passed by Congress for the purpose of centralizing in a single authority the power to frame rules for the safe and efficient use of the nation's airspace, . . . impliedly preempts the entire field of air safety." *Tweed-New Haven Airport Auth. v. Tong*, 930 F.3d 65, 74 (2d Cir. 2019). A Letter of Agreement between the New York TRACON and East Hampton Tower, which became effective on May 3, 2021, defines air traffic control procedures and coordination responsibilities between New York TRACON and HTO Tower; it does not establish HTO as a regulatory authority that can promulgate safety policy. In this regard, as established by the FAA's statutory and regulatory framework and confirmed in court decisions, no State or local government has authority to regulate flight altitude, flight paths, operational bans, or any regulation of the navigable airspace. By banning special VFR clearances, you are encroaching on the FAA's exclusive authority to fulfill its safety and airspace oversight responsibilities.

In addition, FAA regulations, such as 14 CFR § 91.157, specifically contemplate the availability of special VFR clearances and operations. To the extent that air traffic controllers at HTO Tower receive inappropriate requests for special VFR, the controllers have the tools to address those requests on a case-by-case basis.

The FAA also cautions, to the extent that you continue to implement your policy to prohibit special VFR clearances, you appear to be creating an access restriction. Consistent with Federal law and *Friends of the East Hampton Airport v. Town of East Hampton*, 841 F.3d 133 (2d Cir. 2016), the Town is required to comply with the Airport Noise and Capacity Act of 1990 and 14 CFR part 161 before imposing an access restriction at a public use airport.

Finally, to the extent that you are continuing to ban all special VFR clearances at HTO during Class D operations, you should remain aware that your decision is neither consistent with FAA policy nor Federal law.

Sincerely,

MARIE T KENNINGTON-GARDINER   Digitally signed by MARIE T KENNINGTON-GARDINER
Date: 2021.06.30 15:18:38 -04'00'

Marie Kennington-Gardiner
Acting Regional Administrator


cc: Peter VanScoyoc, Supervisor, Town of East Hampton